# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| In Re: ) | |
| ) | Case No.: 23-50177 |
| The Tuleyries Land Holdings, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### Objection to Debtor's Application to Employ
### Cox Law Group, PLLC as Bankruptcy Counsel *Nunc Pro Tunc*

Welch Family Limited Partnership Ten ("WFLP10") by counsel, objects to the application to approve the employment of THE Cox Law Group, PLLC ("Attorney"), *nunc pro tunc,* Docket No. 18, as debtor's bankruptcy counsel for one reason and reserves the right to supplement its objection prior to the hearing and states as follows:

1. The application and accompanying declaration, Docket No. 18, page 9, provided inadequate information regarding the Attorney's connections and relationships as required by Bankruptcy Rule 2014.

2. The Attorney may not be a "disinterested person" as defined by the Bankruptcy Code, and therefore may be ineligible to be debtor's bankruptcy counsel. The Attorney has an unwaivable conflict posed by the circumstances of the case and has acted in contravention of the operating agreement of the and the instructions of the managing members of the debtor.

### Statement of Facts

3. On April 11, 2023, *The Tuleyries Land Holdings, LLC*, case number 23-50177, chapter 11, was filed in this Court.

4. At the time of filing Attorney did not list WFLP10 as a creditor nor as an interested party and therefore WFLP10 did not receive notice of the bankruptcy case until after the case was filed.

5. On April 18, 2023, Docket No. 15 and 15-1, the Attorney filed a statement on behalf of the debtor in possession pursuant to 11 USC § 1116, and Internal Revenue Service Form 1065-US Return of Partnership Income for the year 2021.

6. Debtor's 2021 Tax Return lists the name "Tuleyries Land Holdings, LLC" as the name of the Debtor see Docket No. 15-1.

7. On April 25, 2023, Docket No. 18, Attorney filed its application for employment on behalf of the debtor in possession (the "Application").

8. In the Application, Attorney provides "Except as otherwise disclosed in this Declaration, Cox Law Group PLLC has not represented the Debtor, its creditors or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estates. If any conflicts of interest arise, I will immediately disclose such conflicts to the Court, the U.S. Trustee, and appropriate creditors and other parties in interest. ¶¶ 3

9. The Application was signed by David Cox.

10. Attorney is listed in Docket No. 20 pg. 26, Part 6 having received $5,458 in prepetition attorney fees and filing fees and holding $4,542 held in trust, see Docket No. 20, Part 1, pg.1.

11. On May 1, 2023, Attorney was provided with a true and accurate copy of the operating agreement for the Debtor from WFLP10 counsel (the "Operating Agreement").

12. On May 1, 2023, Robert M. Emma[1], acknowledged and agreed to Attorney that the Operating Agreement was the only true and accurate Operating Agreement for the Debtor and that Robert Emma had provided Attorney with a false operating agreement at the time of the bankruptcy filing.

13. The false operating agreement provided by Robert Emma at the time of the bankruptcy posed as a conflict of interest for Attorney as Robert Emma did not have authority to file the bankruptcy case.

14. Attorney has not informed the Court, the U.S. Trustee and the appropriate creditors and other parties in interest of the conflict and to the extent that he has Attorney has not made full disclosure of the facts of the potential conflict.

15. Attorney failed to adequately resolve the conflict and instead continued to work on the case in contravention of the accepted Operating Agreement terms and against the instruction of the Debtors Managing Members.

---

[1] Robert Emma is listed on the bankruptcy schedules as the "Manager and Member" Docket No.: 20 pg. 33

16. As a result of Attorney's conduct, the bankruptcy estate has been prejudiced.

Argument

Full Disclosure of All Connections and Conflicts is Required by Rule 2014(b)

1. The Attorney's failure to disclose the conflicts posed by the conflicting operating agreements in the bankruptcy case is perplexing and unacceptable. It is fundamental that all of a professional's connections are required to be disclosed. As stated in *In re Miners Oil Co, Inc.* 502 B.R. 285, 301 (Bankr. W.D. Va 2013)

    > Published bankruptcy court decisions are quite consistent in requiring that debtors-in-possession and their attorneys, whose employment is sought to be *302 approved, be *meticulous* in disclosing "all connections" with the debtor and other parties in interest, the failure to do so justifying a court's taking significant punitive or corrective action.

    (emphasis added)

    > "[t]he objective of requiring disclosure is not so much to protect against prejudice to the estate, but to ensure undivided loyalty and untainted advice from professionals[,] [citation omitted] ... lack of disclosure in and of itself is sufficient to warrant disqualification, even if in the end there was no prejudice." (attorneys for debtor removed because of appearance of impropriety, even though no harm done to debtor).

    (citations omitted)

2. The Court does not have to play detective to determine the connections and relationships in deciding whether to approve the employment of a professional. In *In re Sabre Int'l, Inc.,* 289 B.R. 420, 427 (Bankr. N.D. Okla. 2003), the court stated:

    > This is very serious business. The disclosures under Rule 2104(a) are *mandatory*. The Court must be able to rely upon the disclosures on their face, without further investigation or review of the file, as it enters orders authorizing the retention of professionals. It is not a "no harm, no foul" area of the law.

3. The declaration should have set forth the Attorney's conflicts. This was not done.

 The Court, creditors and parties in interest should not have to guess or speculate regarding the Attorney's conflicts. The lack of full disclosure goes to the integrity of the bankruptcy process. In re Hathaway Ranch Partnership, 116 B.R. 208, 20 Bankr. Ct. Dec. (LRP) 1127, 23 Collier Bankr. Cas. 2d (MB) 777, 1990 Bankr. LEXIS 1442 (Bankr. C.D. Cal. 1990).

 [A]ll facts that may be pertinent to court's determination of whether attorney is disinterested or holds adverse interest to estate must be disclosed in application for order approving employment, and it is not sufficient that information might be mined from petitions, schedules, testimony from creditors' meeting, or other sources; negligent failure to disclose all facts required by Rule 2014 does not relieve professional of consequences of failing to make complete disclosure; failure to make disclosure may result in disqualification of counsel […] and if lack of disclosure is discovered after employment is approved it may also result in denial and disgorgement of compensation.

 Accordingly, the application should be denied.

May 9, 2023

            Welch Family Limited Partnership Ten


            __/s./Todd Lewis_____
            Todd Lewis, Esq. VA Bar No. 73732
            Kitsune Lyon, PLC
            1007 N. Federal Highway, Suite 2005
            Fort Lauderdale, FL 33304
            (202) 550-9898
            todd.lewis@tllgpc.com
            *Counsel for Welch Family Limited Partnership Ten*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing will be served electronically by the Court's CM/ECF system on the following:

David Cox    david@coxlawgroup.com
Andrew Bolt abolt@hooverpenrod.com
Hannah White Hutman hhutman@hooverpenrod.com
UST   USTPRegion04.RN.ECF@usdoj.gov

    /s./Todd Lewis
Todd Lewis